IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JAMES FOLKENS, § § *Plaintiff*, § § v. § CIVIL ACTION NO. 1:23-CV-00346-MJT § COMMISSIONER, SOCIAL SECURITY § JUDGE MICHAEL TRUNCALE ADMINISTRATION, § § *Defendant*. § | |

**ORDER OVERRULING OBJECTIONS AND**
**ADOPTING REPORT AND RECOMMENDATION**

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to his application for disability-based benefits. The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The Court received and considered Judge Stetson's report [Dkt. 15] recommending that the Commissioner's decision be affirmed, along with the record and pleadings. The Plaintiff filed objections to the report on November 22, 2024. [Dkt. 16].

Folkens' objections assert his indigency was not properly considered; consideration of the *Kirkland* case was flawed; a consultation examination should have been ordered; rejection of Dr. Fedoriw's opinion is unsupported; and Folkens' borderline age situation was not addressed in light of the "harm" caused by the ALJ in failing to develop the record. [Dkt. 16].

With regard to Folkens' indigency, ALJ Howard considered this factor in evaluating Folkens' credibility regarding the effects of his symptoms, including his pain. (Tr. 23-24.) ALJ Howard notes that Folkens' statements about his symptoms "are inconsistent because despite

1

claiming debilitating pain and symptoms, the claimant had minimal treatment during the relevant period, although financial constraints were alleged." He stated that despite Folkens' claims of his inability to work, he reported limited medical care and no medication management but was still able to care for his disabled sister and her husband by cooking, cleaning, yard work and even testified that he could possibly do a job where he would be on his feet for four hours in a day. (Tr. 23.) ALJ Howard concluded that the nature of Folkens' allegations of functional issues was considered in light of no ongoing medical attention, prescribed or otherwise. (Tr. 24.) If the ALJ considers a plaintiff's noncompliance or lack of treatment merely in assessing the credibility of his subjective complaints, then the requirements of SSR 18-3p[1] are inapplicable. *Donald W. v. Kijakazi*, 2024 WL 1076838, at *7 (N.D. Tex. 2024), *R. & R. adopted*, 2024 WL 1008533 (N.D. Tex. 2024). Thus, it was not error for ALJ Howard to discount Folkens' allegations that the only reason he did not seek ongoing treatment was due to financial constraints. In any event, ALJ Howard also stated that even with a limited treatment history, the findings reflected from his actual treatment are not consistent with the degree of severity he is alleging. (Tr. 24.) As noted by the magistrate judge, this is consistent with Dr. Fedoriw's PA's, Haley Avant, recommendation that Folkens continue low impact activities and "anti-inflammatories as needed" (Ibuprofen) and "follow up on an as needed basis." (Tr. 314.)

Folkens argues that *Kirkland v. Comm'r of Soc. Sec.,* No. 4:22-cv-759, 2023 WL 3357597, at *3-5 (N.D. Tex. Apr. 25, 2023), *R. & R. adopted,* 2023 WL 3362633 (N.D. Tex. May 10, 2023), does not allow an ALJ to rely upon the opinions of the state agency medical consultants (SAMCs) regarding a claimant's functional limitations if he departs slightly from their residual functional

---

[1] SSR 18-3p sets out the requirements for finding a claimant not disabled for failing to comply with prescribed treatment—a claimant is otherwise entitled to disability benefits, a medical source prescribed treatment for the disability; and the claimant did not follow the prescribed treatment. S.S.R. 18-3p, 2018 WL 4945641 (2018).

2

capacity (RFC) recommendations.[2]  [Dkt. 16, at 4].  Folkens also relies on this point in arguing that a consultative examination was required because ALJ Howard only relied upon his lay interpretation of Folkens' records.  As pointed out by the magistrate judge, Fifth Circuit case law does not support a requirement that an ALJ's RFC must come verbatim from a medical opinion in the record as that is the job of the ALJ to assess.

Recently, in *Wills v. Kijakazi*, No. 22-20609, 2023 WL 4015174 (5th Cir. June 14, 2023), the Fifth Circuit rejected the *per se* approach used by some lower courts (such as *Kirkland*) and advocated by Folkens.  The court noted:

> even if the ALJ did partially rely on the SAMC reports, and even if those findings were stale, Wills fails to show this would constitute error. That is particularly so here where the ALJ acknowledged the shortcomings of the reports and proceeded to incorporate additional symptoms in imposing her more restrictive limitations — that is, more favorable to Wills — than those previously suggested. Rather, the applicable regulations support that the ALJ was entitled to find the administrative findings partially persuasive and then use those findings, together with other relevant record evidence, in making her RFC determination. *See* 20 C.F.R. § 404.1520c (providing Commissioner will determine "how persuasive" it finds medical opinions and prior administrative medical findings); *id*. § 404.1545(a)(3) ("We will assess your [RFC] based on all of the relevant medical and other evidence." (emphasis added)).

*Wills*, 2023 WL 4015174, at *3.  The claimant in *Wills* argued that a consultative examination was required since there was no medical opinion supporting the additional limitations found by the ALJ.  *Id.*  The Fifth Circuit disagreed and instead found that medical opinions are just one of several categories of evidence the ALJ considers in making RFC determinations, and even where no medical statement has been provided, the court must focus upon whether the decision of the ALJ is supported by substantial evidence in the existing record.  *Id.*   The court also rejected the claimant's argument that the ALJ improperly interpreted raw medical data as a layman stating that

---

[2] ALJ Howard found the SAMCs' opinions that Folkens could perform light work persuasive and adopted the light RFC but added more restrictive walking/standing limitations to Folkens' favor.  (Tr. 23, 25-26.)

3

an ALJ is to assess the RFC based on all the relevant evidence in the case record, which was done by examining her extensive medical history documenting such matters as test results, physicians' interpretations of those tests, diagnoses, treatments and procedures, and information regarding her recovery from those procedures. *Id.* at *4. Citing to the *Wills* opinion, the court in *Hess v. Kijakazi* found that there is a critical difference between outright rejecting all medical opinions before creating an RFC based solely on the ALJ's own interpretation of the medical evidence and an ALJ's finding that a medical source opinion is somewhat persuasive while adding additional limitations. *Hess v. Kijakazi*, No. CV 22-5305, 2023 WL 8696374, at *9 (E.D. La. Oct. 20, 2023), *R. & R. adopted*, 2024 WL 1231327 (E.D. La. Mar. 22, 2024).

For these same reasons, the Court finds no merit in Folkens' argument that rejection of Dr. Fedoriw's opinion was unsupported by substantial evidence and based on lay speculation. As noted by the magistrate judge, ALJ Howard found Dr. Fedoriw's more restrictive limitations inconsistent with the clinical findings, activities of daily living, Folkens' testimony, and treatment history. (Tr. 25.) Further, ALJ Howard found the opinions of the SAMCs persuasive over that of Dr. Fedoriw's opinion, and the ALJ is entitled to determine the credibility of the medical experts and the lay witnesses, including Folkens. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).

The same goes for Folkens' argument regarding the analysis of his borderline age situation. Folkens claims this finding is not supported due to a faulty analysis regarding development of the record and rejection of Dr. Fedoriw's opinion. Because the court finds there was no error in those determinations and ALJ Howard sufficiently explained his decision to use the lower age category, this finding was also supported. If the findings are supported by substantial evidence, they are conclusive and must be affirmed. 42 U.S.C. § 405(g).

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b). After careful consideration, the Court concludes that the objections are without merit because the magistrate judge properly found that ALJ Howard's application of the sequential analysis is supported by substantial evidence. Accordingly, the Court adopts the magistrate judge's recommendation, overrules the Plaintiff's objections, and affirms the Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED this 26th day of November, 2024.**

Michael J. Truncale
United States District Judge